**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4382**

---

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

MATTHEW ALLEN CHURCH,

> Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Joseph R. Goodwin, District Judge.  (5:23-cr-00175-1)

---

Submitted:  April 24, 2025                          Decided:  April 28, 2025

---

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  David O. Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant.  Jennifer Rada Herrald, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Allen Church pled guilty to traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), (e). The district court sentenced Church below the advisory Sentencing Guidelines range to 120 months' imprisonment. On appeal, Church's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in finding that Church was competent to enter a guilty plea and whether Church's sentence is procedurally and substantively reasonable. In his pro se supplemental brief, Church expands on counsel's argument that he was not competent to enter a guilty plea and requests that this court address whether he received ineffective assistance of counsel regarding his competency. The Government has not filed a response brief. We affirm.

Counsel first questions the district court's determination that Church was competent to enter a guilty plea. Because Church neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Church "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). "Before a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea." *United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012) (internal quotation marks omitted). A defendant is competent if he has "sufficient present ability to consult with his lawyer with a reasonable degree of

2

rational understanding" and "a rational as well as factual understanding of the proceedings against him." *United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks omitted).

We have reviewed the record and conclude that the district court did not err, plainly or otherwise, in finding Church competent to enter a guilty plea. The district court thoroughly explored the relevant factors during the plea colloquy, engaging with both Church and his counsel directly, and properly determined that Church was competent and capable of entering a knowing and voluntary guilty plea.

Church's counsel also questions whether Church's sentence is unreasonable in light of the mitigating evidence. We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021). In conducting this review, we must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

3

We have reviewed the record and conclude that Church's sentence is procedurally and substantively reasonable. The district court properly calculated the Guidelines range, allowed the parties to present arguments, gave Church the opportunity to allocute, directly addressed Chruch's mitigation arguments, considered the appropriate § 3553(a) sentencing factors, and explained the selected sentence. Furthermore, because Church has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence. *See id*.

Lastly, we address Church's claim that trial counsel was ineffective for not raising below the issue of Church's competency to plead guilty. On direct appeal, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Although Church asserts that counsel provided ineffective assistance by failing to address his lack of competency to plead guilty, Church averred during his plea hearing that he was fully satisfied with his counsel's services. Because the present record does not conclusively show that trial counsel rendered ineffective assistance, Church's claims are not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Church, in writing, of the right to petition the Supreme Court of the United States for further review. If Church requests that a petition

4

be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Church. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
